**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Trivial Development Corp.**, | Bankruptcy No. 14-21378 |
| Debtor. | Honorable Donald R. Cassling |

## NOTICE OF APPLICATION

**Please take notice** that on **October 13, 2015, at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Donald R. Cassling, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there shall present the **First and Final Application for Compensation of Edward Berlin and Pupelis, Berlin, Stricker & Associates, Ltd., as Accountant for the Debtor**, a copy of which is attached hereto and herewith served upon you.

Dated: September 18, 2015            **Trivial Development Corp.**

                                                    By: /s/ Jeffrey K. Paulsen
                                                         One of Its Attorneys

William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email:  wfactor@wfactorlaw.com
            jpaulsen@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen, an attorney, hereby certify that on September 18, 2015, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Application* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List.

/s/ Jeffrey K. Paulsen

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| David L. Hazan | dlhazan@divergrach.com |
| Stephanie K. Hor-Chen | schen@vedderprice.com, ecfdocket@vedderprice.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Christopher M. Saternus | cmsaternus@msn.com |
| David A. Shapiro | dshapiro@bronsonkahn.com |
| Ariel Weissberg | ariel@weissberglaw.com, Hava@weissberglaw.com, mike@weissberglaw.com, victor@weissberglaw.com, john@weissberglaw.com, ro@weissberglaw.com |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Trivial Development Corp.**, | Bankruptcy No. 14-21378 |
| Debtor. | Honorable Donald R. Cassling |

### FIRST AND FINAL APPLICATION FOR COMPENSATION OF EDWARD BERLIN AND PUPELIS, BERLIN, STRICKER & ASSOCIATES, LTD., AS ACCOUNTANT FOR THE DEBTOR

1. By this Application, Edward Berlin and Pupelis, Berlin, Stricker & Associates, Ltd. (collectively, "*Berline*") seeks an order of this Court: (a) allowing and awarding Berlin on final basis fees in the amount of $12,000 for professional services rendered by Berlin as accountant for Trivial Development Corporation (the "*Debtor*") during the period of August 9, 2014 through August 4, 2015 (the "*Application Period*").

2. Berlin makes this Final Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

### JURISDICTION

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

{00041785}

5. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

### I. Case background.

6. The Debtor filed for relief under chapter 11 of title 11 (11 U.S.C. §§ 101 *et seq.*, the "*Bankruptcy Code*") on June 6, 2014.

7. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor operated its business and manage its financial affairs as debtor-in-possession through the date the Court entered an Order confirming the Debtor's Chapter 11 plan. No trustee, examiner, or committee was appointed in the case.

8. The Debtor is an Illinois corporation formed in 1984. It has established a reputation for creating innovative board games with a zany twist. Its games have become known not only for their marketability, but also for a noticeably wry sense of humor that runs throughout the line. The Debtor currently services over 4,000 retailers both large and small throughout the United States and Canada, and its products are also distributed throughout the United Kingdom, Australia and New Zealand.

9. The Debtor filed for protection under chapter 11 to address certain extraordinary financial issues arising from legal disputes, but believes that its business model is sound and that confirmation of its plan will allow it to continue operating as a going concern.

10. On August 4, 2015, the Court entered an Order authorizing the Debtor to retain Berlin effective as of August 9, 2014, and approving Berlin's flat fee of $1,000 per month.

11. On August 4, 2015, the Court also entered an order confirming the Debtor's Amended Plan of Reorganization. The Effective date of the Plan was August 20, 2015.

### II. Services rendered by Berlin.

12. This Application is the first and final application for compensation and expense reimbursement that Berlin has filed in the Case.

13. During the course of the Case, Berlin provided several services to the Debtor:

   a. Preparing quarter- and year-end financial statements;

   b. Preparing tax returns;

   c. Advising the Debtor with respect to its financial affairs; and

   d. Providing other services ordinarily provided by accountants to the Debtor in the course of its business affairs.

14. Berlin's flat fee of $1000 per month—for a total of $12,000—covers all services that Berlin provided to the Debtor.

## DISCUSSION

### III. FactorLaw's fees are reasonable and should be allowed.

15. Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

16. Additionally, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

17. Berlin was the Debtor's accountant prior to its bankruptcy filing. Then, he charged a flat rate of $1500 per month, a rate that Berlin based on its review of

{00041785}                                3

the Debtor's ongoing accounting needs and the time that Berlin would likely spend providing the necessary services. Berlin offered the fixed rate rather than an hourly engagement in order to provide more predictable bills for the Debtor and to aid its cash flow.

18. After the Debtor filed for bankruptcy, Berlin agreed to lower his monthly fixed rate to $1000. This rate is fair and reasonable in light of the services provided and the experience of Berlin's professionals. Moreover, the compensation requested by Berlin is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

### IV. Notice

19. Berlin has not previously requested the relief it is seeking by this Application.

20. Rule 2002 provides that all creditors shall be provided with at least 21 days' notice of a request for compensation.

21. A notice advising of the hearing on this application has been transmitted to all creditors on September 18, 2015. A copy of the notice is appended hereto. Creditors that have filed an appearance in the case and that receive notice to the ECF system will receive a copy of this entire application.

WHEREFORE, Berlin respectfully requests that the Court enter an Order (a) allowing and awarding Berlin on a final basis fees of $12,000 for professional services rendered by Berlin as accountant for Trivial Development Corporation, during the period of August 9, 2014 through August 4, 2015, and (b) granting such other and further relief as this Court deems just and appropriate.

Dated: September 17, 2015

**Edward Berlin** and **Pupelis, Berlin, Stricker & Associates, Ltd.**

By: /s/ Edward Berlin

Prepared by:
William J. Factor (6205675)
Jeffrey K. Paulsen (6300528)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-0977
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       jpaulsen@wfactorlaw.com

{00041785}                            5